## Case No. 3,299.

### COWQUA v. LAUDERBRUN.

[1 Wash. C. C. 521.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

#### INTEREST ON PROMISSORY NOTE.

The court allowed the interest customary at Canton upon a note executed there.

This action was brought on a promissory note, given in Canton, payable eighteen months after date, without stipulating any thing about interest.

The defendant took out a commission, eighteen months ago, to examine the books of the plaintiff. When the commissioners opened the commission, about twelve months ago, the plaintiff was absent from Canton, so that the commission not being returned to the last court, the cause was continued. A motion was again made to this court, to continue the cause; but as no reason was given, why the commission was not executed, THE COURT thought there was no sufficient reason assigned for the continuance; but upon the offer of the plaintiff, made before the opinion of the court was known, to continue, on receiving a judgment and security for the debt; THE COURT directed, accordingly, execution to be stayed, and gave leave to move, next term, to set aside the judgment, if the commission being returned should afford a reason for doing so. A question then arose, what interest should be allowed? After examining a number of witnesses, THE COURT was of opinion, that twelve per cent. per annum should be allowed, from the expiration of the eighteen months; no proof being given, what is the legal interest at Canton, or whether any is fixed by law. But it appears, that the customary interest of the country, where no special agreement is made to vary it, is one per cent. a month, from the expiration of the credit. Many instances have been proved, where more and less has been stipulated in the notes executed in Canton; but all those cases seem to be departures from the regular and established rate of interest, founded on special agreements.